IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Robert William Lombardo, #335765,            )
                                             )
                Plaintiff,                   )    C.A. No. 1:09-1154-HMH-SVH
                                             )
        vs.                                  )    **OPINION & ORDER**
                                             )
Sergeant E. Babridge, Sergeant J.            )
McCombs, and Officer J. Shapiro,             )
                                             )
                Defendants.                  )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Robert William Lombardo ("Lombardo"), proceeding pro se, alleges violations of his civil rights pursuant to 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Hodges recommends granting Defendants' motion for summary judgment and denying Lombardo's pending motions. (Report and Recommendation 13.)

Lombardo filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Lombardo's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Lombardo objects to the magistrate judge's conclusion that Defendants' (1) did not use excessive force and (2) did not show deliberate indifference to his serious medical needs. (Objections, generally.)

Lombardo first objects to the magistrate judge's conclusion that his refusal to obey Sergeant E. Babridge's ("Sgt. Babridge") orders justified the force used to restrain him. (Id. 2.) Specifically, Lombardo states, "the Magistrate . . . considered only the actions and inactions of the Plaintiff in evaluating the reasonableness of Babridge's response. This was improper as it fails to consider the totality of the circumstances . . . . Although [I] was failing to obey an order, [my] conduct was passive and non-confrontational." (Id. 3.) Lombardo also argues that Sgt. Babridge never explained to him "the possible consequences of his failure to comply with verbal commands." (Id.)

Lombardo and Sgt. Babridge's accounts of what occurred are consistent. Lombardo alleges that he approached Sgt. Babridge and told him that he needed to speak with him. (Compl. ¶ IV.) Lombardo states that Sgt. Babridge "immediately demanded [he] go to [his] cell," but because it was during free-time, he did not do so. (Id.) Lombardo states that he "said

2

nothing" and Sgt. Babridge told him "a couple more times" to go to his cell and Lombardo "just shook [his] head 'no.'" (Id.) Sgt. Babridge then "told [him] to put [his] hands behind [his] back [but Lombardo] did not move." (Id.) Lombardo states that he did not move because he was in great pain and the slightest movements hurt because he had recently had back surgery. (Id.) Lombardo alleges that when he was not looking, Sgt. Babridge "slapped a handcuff" on him and he "jerked" his hand back in response. (Compl. ¶ IV.) According to Lombardo,

> [t]hat is when [Sgt. Babridge] slammed [him] on the pole, then face-first to the ground, and while he twisted [Lombardo's] arm behind [his] back, he drilled his knee into [his] lower back, exactly where [he] had two surgeries within the week. While he did that, [Officer Shapiro] pushed hard down on [his] neck, smashing [his] face into a concrete step.

(Id.)

Sgt. Babridge alleges that while he was speaking with an inmate, Lombardo approached him and he instructed Lombardo to step away and he would speak to him later. (Defs. Mem. Supp. Summ. J. Attach. 1 (Sgt. Babridge Aff. ¶ 4).) Lombardo continued to approach Sgt. Babridge and he again asked Lombardo to step away but he refused to leave the area "and became argumentative instead." (Id. Attach. 1 (Sgt. Babridge Aff. ¶ 4).) "Because . . . Lombardo was impeding [Sgt. Babridge] from carrying out [his] duties . . . [Sgt. Babridge] approached him to put him in handcuffs and escort him to a holding cell for disorderly conduct." (Id. Attach. 1 (Sgt. Babridge Aff. ¶ 4).) Sgt. Babridge states that as he was placing Lombardo in handcuffs, Lombard turned abruptly toward him and in order to maintain control of his left wrist, Sgt. Babridge pushed Lombardo toward the nearest wall then placed him on the floor. (Id. Attach. 1 (Sgt. Babridge Aff. ¶ 4).) Officer Shapiro then assisted Sgt. Babridge in placing leg irons on

3

Lombardo. Lombardo was placed in lockup because of his behavior. (Id. Attach. 1 (Sgt. Babridge Aff. ¶ 4).)

In determining whether a Defendant has used excessive force, the court must consider whether the measures taken inflicted "unnecessary and wanton pain and suffering." Whitley v. Albers, 475 U.S. 312, 319 (1986).

> Where a prison security measure is undertaken to resolve a disturbance . . . the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

Id. at 320-21 (internal quotation marks omitted). However,

> [e]ven if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force has subsided, plaintiff must also demonstrate that the injuries were more than de minimus or that the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimus injury.

Carr v. Deeds, 453 F.3d 593, 605-06 (4th Cir. 2006) (internal quotation marks omitted).

Lombardo has failed to establish that Sgt. Babridge or Officer Shapiro used excessive force in restraining him. Lombardo admits that he refused to obey Sgt. Babridge's order to step away from him. (Compl. ¶ IV.); (Objections 3.) Lombardo also states that not only did he refuse to step away, he nodded his head no. (Compl. ¶ IV.) Additionally, Lombardo admitted that he jerked his hand away as Sgt. Babridge attempted to handcuff him. (Id.) It appears that Lombardo believes that Sgt. Babridge's actions were excessive, in part, because Lombardo was allegedly in pain as a result of a recent surgery. However, Lombardo does not assert or allege that he communicated his pain to Sgt. Babridge, nor did he explain to Sgt. Babridge that he was

4

unable to put his hands behind his back because he was in pain. Moreover, Lombardo alleges that the slightest movements caused him pain, yet he snatched his hand away from Sgt. Babridge. Viewing the totality of the circumstances, the court finds that Lombardo is unable to establish that Defendants used excessive force in restraining Lombardo. Accordingly, his objection is without merit.

Next, Lombardo argues that Defendants were deliberately indifferent to his medical needs by delaying his surgical follow-up visit.[2] (Objections 4.) Lombardo was diagnosed with kidney stones on January 30, 2009, and was hospitalized for surgery and insertion of a stent. (Defs. Mem. Supp. Summ. J. 1.) He was released on February 5, 2009, with instructions to schedule an appointment with a urologist on February 9, 2009, for stent removal. (Id.) Lombardo's February 9, 2009 appointment was ultimately rescheduled for February 23, 2009. Lombardo argues that the time period between when he was originally scheduled to return to the urologist to have his stent removed and when he was seen by the urologist, is evidence of deliberate indifference to his medical needs.

More specifically, Lombardo argues that he experienced pain and swelling in his "entire groin area." (Compl. ¶ IV.) However, Lombardo also states that on February 20, 2009, he complained about his pain and was released from lockup and returned to the general population. (Id.) Lombardo's stent was removed three days after he complained about his pain. Further, Lombardo states that while in lockup he received his pain medications as needed. (Id.)

---

[2] The court notes that the named Defendants are not the proper parties against whom to raise a medical deliberate indifference claim. However, even if Lombardo raised the allegations against the proper named Defendants, his claim fails on the merits. As such, the court will discuss the merits of Lombardo's claim.

5

"In order to establish a claim of deliberate indifference to medical need [under the Eighth Amendment], the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." Id. "The mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim under § 1983." Peterson v. Davis, 551 F. Supp. 137, 146 (D. Md. 1982).

Lombardo has failed to establish deliberate indifference to his medical needs. After complaining of back pain, Lombardo was taken to Greenville Memorial Medical Center where he was diagnosed and treated for kidney stones. While recovering, he received the proper pain medication and despite his behavioral problems which placed him in lockup, Lombardo was released on February 20, 2009, after complaining of pain. His stent was removed three days later. As such, Lombardo has failed to establish that Defendants failed to satisfy his medical needs.

Based on the foregoing, the court adopts Magistrate Judge Hodge's Report and Recommendation and grants Defendants' motion for summary judgment.

Therefore, it is

**ORDERED** that Defendants' motion for summary judgment, docket number 56, is granted; it is further

**ORDERED** that Lombardo's motion for service of subpoenas, docket number 67, is denied as moot; it is further

**ORDERED** that Lombardo's motion for reconsideration, docket number 68, is denied as moot; it is further

**ORDERED** that Lombardo's motion to compel, docket number 69, is denied as moot; and it is further

**ORDERED** that Lombardo's third motion to amend/correct amended complaint, docket number 78, is denied as moot.

**IT IS SO ORDERED**.

                                              s/Henry M. Herlong, Jr.
                                              Senior United States District Judge

Greenville, South Carolina
August 11, 2010

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.